1
2
3
4
5
6
7                       IN THE UNITED STATES DISTRICT COURT
8                     FOR THE EASTERN DISTRICT OF CALIFORNIA
9   NGOC NGUYEN,
10              Petitioner,                No. CIV S-07-0109 FCD KJM P
11       vs.
12  M. KRAMER, Warden, et al.,
13              Respondents.               ORDER
14  _____/
15              Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of
16  habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma
17  pauperis.  Examination of the in forma pauperis application reveals that petitioner is unable to
18  afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be
19  granted.  See 28 U.S.C. § 1915(a).  Since petitioner may be entitled to relief if the claimed
20  violation of constitutional rights is proved, respondents will be directed to file a response to
21  petitioner's habeas petition.
22              Petitioner has also requested the appointment of counsel.  There currently exists
23  no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105
24  F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of
25  counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R.
26  /////

Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

On January 17, 2007, petitioner filed a motion asking that the court "waive exhaustion of state remedies for claims challenging the September 1, 2005 parole denial." The court cannot "waive" defenses respondents may have. The court will address the issue of exhaustion of state court remedies if respondents file a motion to dismiss on those grounds.

Finally, petitioner asks that the court consolidate this action with another habeas action filed by petitioner. However, the court has checked the court's docket and it does not appear that petitioner has filed another habeas action. His request will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's January 17, 2007 request for leave to proceed in forma pauperis is granted.

2. Petitioner's January 17, 2007 motion for appointment of counsel is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

3. Respondents are directed to file a response to petitioner's habeas petition within sixty days from the date of this order. See Rule 4, Fed. R. Governing § 2254 Cases. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, Fed. R. Governing § 2254 Cases.

4. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer.

5. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondents' reply, if any, shall be filed and served within fifteen days thereafter.

/////

/////

1       6. The Clerk of the Court shall serve a copy of this order together with a copy of
2 the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell,
3 Senior Assistant Attorney General.

4       7. Petitioner's January 17, 2007 "Motion to waive exhaustion of state remedies
5 for claims challenging the September 1, 2005 parole denial" is denied.

6       8. Petitioner's January 17, 2007 motion for "joinder / consolidation" is denied.

7 DATED: April 16, 2007.

                                                  /s/ _____
                                                  U.S. MAGISTRATE JUDGE

10 1/mp
nguy0109.100(1.17.07)