UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NGOC NGUYEN

    Petitioner,

   v.

M.C. KRAMER,

    Respondent.

No.  CV-07-00109-FVS

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus.  (Ct. Rec. 1).  Petitioner is proceeding pro se.  Respondent is represented by Michael G. Lagrama of the California Attorney General's Office.

**BACKGROUND**

At the time this petition was filed, Petitioner was incarcerated at Folsom State Prison.  (Ct. Rec. 1).  Petitioner is in custody pursuant to his April 6, 1990, conviction for attempted murder with great bodily injury.  (*Id.*) Petitioner began serving an indeterminate life sentence plus three years on May 4, 1990.  (*Id.*)  Petitioner has not been found suitable for parole.  Petitioner is challenging the August 19, 2004 decision by the California Board of Parole Hearings ("BPH") finding him unsuitable for parole.  (*Id.*)

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

**I.   Factual History**

On September 4th, 1989, Los Angeles Police Department officers responded to Petitioner's residence regarding a "human immolation." (Ct. Rec. 13, Exh. B at 16). The officers found a "red pitcher smelling of gasoline" on the floor in the bathroom. (*Id.*) The victim, Petitioner's wife, was found in the bedroom closet. (*Id.*) She survived, but suffered burns to over 50 percent of her body. (*Id.*) Witnesses testified that Petitioner entered his home, and moments later the victim came running out, engulfed in flames. (*Id.* at 17). The victim immediately identified Petitioner as her assailant. (*Id.*) She told officers that he had a drinking problem, and while drunk, he doused her with gasoline, struck a match to paper, and then threw the paper on her. (*Id.* at 18). According to the victim, Petitioner had been attempting to leave her and their three children, and had also been threatening to kill her "for the past three weeks." (Id.) Petitioner stated that he committed the crime because he was drunk, and jealous over his wife's infidelity. (Id.)

**II.  Procedural History**

Petitioner was convicted by a jury of attempted murder with great bodily injury. (Ct. Rec. 1). The Los Angeles County Superior Court, South District, entered the judgment on April 6, 1990. (*Id.*) He was sentenced to life plus three years. (*Id.*) He began serving his life term on August 23, 1991 (*Id.*) Petitioner has been incarcerated for 19 years. His minimum eligible parole date ("MEPD") was August 23, 1998. (Ct. Rec. 1, Exh. A at 2).

On May 31, 2005, Petitioner filed a petition for habeas review in

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

Los Angeles County Superior Court. (Ct. Rec. 1, Exh. M). There, Petitioner challenged the same August 19, 2004 parole denial that is the subject of this petition. (*Id.*) The Superior Court denied relief. (*Id.*) Petitioner then filed a petition with the Second District Court of Appeal. (Ct. Rec. 13, Exh. E). That petition was summarily denied. (*Id.*) On September 13, 2006, the California Supreme Court, with citation to two cases, denied review. (Ct. Rec. 13, Exh. F).

Petitioner filed this petition with the United States District Court for the Eastern District of California on January 17, 2007. (Ct. Rec. 1). Respondent filed a response on June 15, 2007. (Ct. Rec. 13). Petitioner filed a traverse on July 16, 2007. (Ct. Rec. 15).

**DISCUSSION**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief if a state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d)(1)(2009); see *Williams v. Taylor*, 529 U.S. 362, 399 (2000). "Clearly established federal law" consists of "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Anderson v. Terhune*, 516 F.3d 781, 798 (9th Cir. 2008) (citing *Lockyer v. Andrade*, 538 U.S. 63, 70-73 (2003)). A decision is

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 3

"contrary to" clearly established federal law in two circumstances. First, a state court decision is contrary to clearly established federal law when "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. Second, a state court decision is "contrary to" clearly established federal law when the state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 412-413. Under the "unreasonable application" standard, a state court unreasonably applies clearly established federal law when it applies the law in a manner that is "objectively unreasonable." *Id.* at 409. "[The] AEDPA does not require a federal habeas court to adopt any one methodology in deciding the only question that matters under § 2254(d)(1) - whether a state court decision is contrary to, or involved an unreasonable application of, clearly established federal law." *Lockyer*, 538 U.S. at 71.

In examining whether state courts reached a decision that was contrary to federal law or whether the state courts unreasonably applied such law, the reviewing court should look to the last reasoned state court decision. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002) *cert*. dismissed, 538 U.S. 919 (2003). Where no reasoning is given in either the state court of appeals or the state supreme court, Ninth Circuit courts must determine whether a state court's decision was objectively unreasonable based on an independent review of the record. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003) (quoting

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 4

*Delgado v. Lewis*, 223 F.3d 976, 981-982 (9th Cir. 2000).  "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable."  *Id.*

Here, both the Second Appellate Court and the California Supreme Court issued two-sentence denials, both citing *In re Dannenberg,* 34 Cal. 4th 1061 (2005), and *In re Rosenkrantz,* 29 Cal. 4th 616 (2002). (Ct. Rec. 1, Exhs. O, P).  Thus, this Court will conduct an independent review of the record.

Petitioner raises four arguments in his petition challenging the August 19, 2004 decision of the BPH.  First, he alleges that there is "no evidence of any nexus between the facts of the crime and [his] current threat to public safety."  (Ct. Rec. 1).  This lack of nexus, according to Petitioner, prohibits the BPH from using the commitment offense as a reason to deny parole.  (*Id.*)  Second, Petitioner argues that the reasons other than the commitment offense that were used to support parole denial were not supported by "some evidence."  (*Id.*)  Third, the BPH failed to consider "many of their own parole suitability criteria, failed to provide individualized consideration to Petitioner and thereby reduced the hearing to little more than a sham."  (*Id.*) And fourth, Petitioner argues that parole denial based on the unchanging facts of the commitment offense violates his Due Process rights. (*Id.*)  This Court disagrees with all four arguments for the reasons set forth below.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 5

Under United States Supreme Court precedent, a prisoner's due process claim is addressed in two steps: first, a court must ask whether the state has interfered with a constitutionally protected liberty interest, and second, the court must decide whether the procedures accompanying the deprivation were constitutionally sufficient. *Kentucky Dept. of Corrections v. Thompson,* 490 U.S. 454, 460 (1989); *Sass v. Bd. of Prison Terms,* 461 F.3d 1123, 1127 (9th Cir. 2006).

Respond alleges that California inmates do not have a federally protected liberty interest in parole. (Ct. Rec. 13). The U.S. Supreme Court has determined that state parole statutes create a federally protected liberty interest in parole if the statute uses mandatory language that creates a presumption that parole will be granted if certain findings are made. See *Board of Pardons v. Allen,* 482 U.S. 369, 377-78 (1987); *Greenholtz v. Inmates of Neb. Penal,* 442 U.S. 1, 12 (1979). Respondent bases his position on *In re Dannenberg,* 34 Cal. 4th 1061 (2005) *cert. denied*, 546 U.S. 844 (2005). In that case, the California Supreme Court held that California Penal Code § 3041 (a)-(b) (the parole statute) does not create a presumption that parole will be granted unless the BPH first finds the prisoner suitable for release. *Id.* Despite the California high court's holding in *Dannenberg*, the Ninth Circuit has held to the contrary, finding that California life prisoners do have a protected liberty interest in parole. *Sass v. California Bd. of Prison Terms,* 461 F.3d 1123, 1127-28 (9th Cir. 2006); *McQuillion v. Duncan,* 306 F.3d 895, 902 (9th Cir. 2002). The Ninth Circuit has also stated that this liberty

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 6

interest vests all "prisoners whose sentence provides for the possibility of parole with a constitutionally protected liberty interest in the receipt of a parole release date, a liberty interest that is protected by the procedural safeguards of the Due Process Clause." *Irons v. Carey,* 505 F.3d 846, 850 (9th Cir. 2007). Thus, under Ninth Circuit case law, Petitioner has a federally protected liberty interest that was interfered with by the BPH's decision to deny him parole.

Since Petitioner has a federally protected liberty interest in parole, this Court must next determine whether the procedures surrounding the BPH's deprivation were constitutionally sufficient. Under the Supreme Court's decision in *Greenholtz,* the due process protections guaranteed in a parole hearing are minimal, requiring only an opportunity to be heard and notice of the reasons for any adverse decision. 442 U.S. at 16; *Hewitt v. Helms,* 459 U.S. 472 (1983). Petitioner does not argue that he was deprived of either of these protections. However, he does argue that the BPH decision was not supported by "some evidence." The Ninth Circuit has held that a parole board's decision deprives a prisoner of due process with respect to a constitutionally protected liberty interest in parole if the board's decision is not supported by "'some evidence in the record,' or is 'otherwise arbitrary.'" *Irons*, 505 F.3d at 851 (quoting *Superintendent v. Hill*, 472 U.S. 445, 457, 105 S.Ct. 2768 (1985) (holding the "some evidence" standard applies in prison disciplinary proceedings)). The "some evidence" standard requires this Court to determine "whether there is any evidence in the record that could

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 7

support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Although *Hill* involved the accumulation of good time credits rather than release on parole, later Ninth Circuit cases have held that the same constitutional principles apply in the parole context because both situations directly affect the duration of the prison term. See *Jancsek v. Or. Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987) (adopting the "some evidence" standard set forth by the Supreme Court in *Hill* in the parole context); accord, *Sass*, 461 F.3d at 1128-1129; *Biggs*, 334 F.3d at 915; *McQuillion*, 306 F.3d at 904. Because the Supreme Court has never held the "some evidence" standard to be applicable in the parole context, Respondent argues that the basic protections of *Greenholtz* are all that is constitutionally required. (Ct. Rec. 13 at 7.) This Court will not address the validity of Respondent's argument, but will instead proceed in accordance with Ninth Circuit precedent finding the "some evidence" standard applicable to parole hearings.

"To determine whether the some evidence standard is met 'does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached'" by the parole board. *Sass*, 461 F.3d at 1128 (quoting *Hill*, 472 U.S. at 455-456). The "some evidence standard is minimal, and assures that 'the record is not so devoid of evidence that the findings of the . . . board were without support or otherwise arbitrary.'" *Id*. at 1129 (quoting *Hill*, 472 U.S. at 457).

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 8

In order to determine whether 'some evidence" supported the BPH's decision with respect to Petitioner, the Court must consider the California statutes and regulations that govern the BPH's decision-making.  See *Biggs*, 334 F.3d at 915.  Under California law, the BPH must set a release date "unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration . . . and that a parole date therefore, cannot be fixed . . . ."  Cal. Penal Code § 3041(b).  The overriding concern in determining parole suitability is public safety and the focus is on the inmate's current dangerousness.  *In re Dannenberg*, 34 Cal.4th 1061, 1086 (2005), *cert. denied*, 546 U.S. 844 (2005).

The BPH has promulgated regulations setting forth the guidelines it must follow when determining parole suitability.  *See* Cal. Code. Regs., tit. 15 § 2402(c) and (d).  Circumstances tending to show that a prisoner is unsuitable for release include the following:

> (1) the commitment offense, where the offense was committed in an "especially heinous, atrocious or cruel manner"; (2) the prisoner's previous record of violence; (3) "a history of unstable or tumultuous relationships with others"; (4) commission of "sadistic sexual offenses"; (5) "a lengthy history of severe mental problems related to the offense"; and (6) "serious misconduct in prison or jail."

Cal. Code. Regs., tit. 15 § 2402(c).  Circumstances tending to show suitability for release include:

> (1) the prisoner has no juvenile record of assaulting others or committing crimes with a potential of personal harm to victims; (2) the prisoner has experienced reasonably stable relationships with others; (3) the prisoner has performed acts that tend to indicate the presence of remorse or has given indications that he understands the nature and magnitude of his offense; (4) the

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 9

> prisoner committed the crime as the result of significant stress in his life; (5) the prisoner lacks any significant history of violent crime; (6) the prisoner's present age reduces the probability of recidivism; (7) the prisoner "has made realistic plans for release or has developed marketable skills that can be put to use upon release"; and (8) "[i]nstitutional activities indicate an enhanced ability to function within the law upon release."

Cal. Code. Regs., tit. 15 § 2402(d).

In examining the BPH's statutory and regulatory framework, the California Supreme Court recently held that the proper inquiry for a reviewing court is "whether some evidence supports the *decision* of the Board . . . that the inmate constitutes a current threat to public safety, and not merely whether some evidence confirms the existence of certain factual findings." *In re Lawrence*, 44 Cal.4th 1181, 1212 (2008). The *Lawrence* court also asserted that the Board's decision must demonstrate "an individualized consideration" of the specified criteria, but "[i]t is not the existence or nonexistence of suitability or unsuitability factors that forms the crux of the parole decision; the significant circumstance is how those factors interrelate to support a conclusion of current dangerousness to the public." *Id*. at 1204-1205. As long as the evidence underlying the BPH's decision has "some indicia of reliability," parole has not been arbitrarily denied. *Jancsek*, 833 F.2d at 1390.

Here, the BPH relied on the commitment offense as one factor to support its finding that Petitioner was unsuitable for parole. (Ct. Rec. 1, Exh. A at 74). In California, the gravity of the commitment offense alone can be a sufficient basis for denying parole where the facts are especially heinous or egregious, and go beyond the minimal elements of the crime. *In re Rosenkrantz,* 29 Cal. 4th 616, 682 (2002);

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 10

*Sass*, 461 F.3d at 1126; *Biggs*, 334 F.3d at 913-916; *Irons*, 505 F.3d at 852-853.  The BPH found that lighting his wife on fire with the kids in the front yard showed a "exceptionally callous disregard" for human suffering. (Ct. Rec. 1, Exh. A at 74).  This factor alone provides "some evidence" supporting the BPH's decision.  Despite the holding of *Rosenkrantz,* Petitioner argues that there is no evidence of a "nexus" between the facts of the crime and his threat to public safety, and also argues that denying parole based on the commitment offense violates due process. (Ct. Rec. 1 at 5).  This Court does not agree.  Under clearly established federal law, Petitioner is guaranteed an opportunity to be heard, notice of the reasons for the BPH's decision, and that any decision by the BPH will be supported by "some evidence." *Greenholtz,* 442 U.S. at 16; *Irons*, 505 F.3d at 851.  Petitioner does not allege he was denied notice or an opportunity to be heard, and the record contains "some evidence" (the facts of his crime) to support the BPH's decision that Petitioner was currently a threat to public safety.  (Ct. Rec. 1, Exh. A at 74).  Thus, this Court finds that the BPH's decision comports with due process.

   Petitioner also argues that the factors other than the commitment offense relied on by the BPH were not supported by "some  evidence." (Ct. Rec. 1 at 5).  Under Ninth Circuit case law, the "some evidence" standard is minimal.  *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).  In denying parole, the BPH recognized the trivial motivation for the crime, prior criminality (including spousal abuse, solicitation of a prostitute, and DUI), and the fact that while in prison, Petitioner has not participated in enough self-help programs.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 11

(Ct. Rec. 1, Exh. A at 74-75). Further, the BPH noted that Petitioner has not gained insight into his crime, and has attempted to minimize his responsibility by blaming it on alcohol and his wife's extramarital affair. (*Id.* at 75). These are all factors properly considered by the BPH under its own regulations, Cal. Code. Regs., tit. 15 § 2402(c)-(d), and were all supported by evidence in the record before the BPH. As long as "some evidence" supported the decision of the BPH, then the decision is valid. See *Jancsek*, 833 F.2d at 1390. As this Court as already pointed out, the facts of the commitment offense alone provide "some evidence" sufficient to deny parole. This line of argument by Petitioner is without merit.

Petitioner's final argument is that the BPH failed to consider its own parole suitability criteria, and did not give him individualized consideration. (Ct. Rec. 1 at 6). However, the record shows the BPH gave Petitioner the reasons for its decision to deny him parole, and carefully considered all of the information before it, including both suitability and non-suitability factors. (Ct. Rec. 1, Exh. A at 74-76); see Cal. Code. Regs., tit. 15 § 2402(c)-(d). Under California case law, as long as the BPH provides individualized consideration, and its decision is supported by "some evidence," then its decision to deny parole is not rendered arbitrarily. *In re Lawrence*, 44 Cal.4th 1181, 1212 (2008). Further, because the Ninth Circuit has held the "some evidence" standard applicable in the parole context, as long as "some evidence" supports the decision of the BPH, then the state courts' denial of relief is not contrary to, or an unreasonable application of, clearly established federal law. *See*

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 12

1 *Jancsek v. Or. Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987).
2 Thus, the BPH complied with its own regulations and California law, as
3 well as federal law.  The California courts' decisions denying relief
4 were thus valid and constitutional, and cannot be overturned under the
5 AEDPA.

6 **ORDER**

7 Petitioner was given all of the due process protections he is
8 guaranteed under "clearly established" federal law.  See *Greenholtz,*
9 442 U.S. at 16; *Irons*, 505 F.3d at 851; *Jancsek*, 833 F.2d at 1390.
10 Petitioner was given an opportunity to be heard, and notice of the
11 reasons for the adverse decision by the BPH.  Further, the BPH
12 decision was supported by "some evidence."  Based on its review of the
13 record, this Court finds that the California courts' decisions were
14 not "objectively unreasonable," and cannot be disturbed by a federal
15 habeas court. Accordingly, Petitioner's Petition for Writ of Habeas
16 Corpus **(Ct. Rec. 1)** is **DENIED**.

17 **IT IS SO ORDERED**.  The Clerk is hereby directed to enter this
18 order, furnish copies to counsel, enter judgment for Respondent, and
19 **CLOSE THE FILE**.

20 **DATED** this   28th    day of April, 2010.

22             s/ Fred Van Sickle
              Fred Van Sickle
              Senior United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 13